# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN MEGGS, Individually, | Case No. 2:14-cv-01535-APG-GWF |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT** |
| BOULEVARD VENTURES, LLC, a Nevada Limited Liability Company, | |
| Defendant. | (Dkt. #46, #74) |

BOULEVARD VENTURES, LLC, a Nevada  Limited Liability Company,

Third-Party Plaintiff,

MACY'S, INC., a Delaware Corporation; J.C. PENNY COMPANY, INC., a Delaware Corporation; J.C. PENNY CORPORATION, INC., a Delaware Corporation; MACY'S WEST STORES, INC., an Ohio Corporation; RTKL NEVADA CORP., a Nevada Corporation; and M A MORTENSON COMPANY, a Minnesota Corporation,

Third-Party Defendants.

This case involves allegations of barriers to access for disabled individuals at the Boulevard Mall (the "Mall" or "Property") in Las Vegas.  Plaintiff John Meggs is disabled and alleges that he has encountered barriers to access at the Mall that have endangered his safety and impeded his ability to have full and equal enjoyment of the property.

Meggs sued the Mall's owner, Boulevard Ventures, LLC ("Boulevard"), alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and Nevada's equivalent ADA statute, Nevada Revised Statutes ("N.R.S.") § 651.070 *et seq.* Meggs seeks declaratory judgment, injunctive relief, and litigation expenses under the ADA and N.R.S. § 651.070, as well as compensatory damages under § 651.070.  In response, Boulevard

1   filed a third-party complaint against various department stores who operate in the Mall seeking

2   indemnity and declaratory relief related to Meggs' claims.

3          Both Meggs and Boulevard move for summary judgment.  Boulevard argues that once it

4   learned of its alleged non-compliance with the ADA, it volunteered to remedy all the barriers

5   Meggs identified in his complaint.  It also claims that it proactively took steps to identify any

6   other barriers to access present on its property by hiring an expert to perform a site review.

7   Boulevard thus argues that because it has taken steps to address the alleged violations, the issues

8   described in the complaint are moot and an injunction is unnecessary.

9          Boulevard further contends that Meggs' attorney, Lawrence Fuller, Esq., was unaware of

10   the barriers to access that his client actually encountered at the Mall when the complaint was

11   filed, and instead he simply listed numerous barriers which he had no reason to believe were

12   present in this particular case.  Therefore, it argues that Mr. Fuller and his firm have violated

13   Federal Rule of Civil Procedure 11, abused the legal system, and should not be awarded legal fees

14   related to this matter.

15          Meggs also moves for summary judgment, arguing that there are no genuine issues of

16   material fact as to any element of his ADA and state law claims.  For the reasons set forth below,

17   I deny both parties' motions for summary judgment.

18   **I.      BACKGROUND**

19          Plaintiff John Meggs is wheelchair bound and paralyzed from the waist down. (Dkt. #74-1

20   at 1.)  He is a resident of California but regularly makes trips to Las Vegas to visit his daughters,

21   who live here. (Dkt. #46-1 at 6, 12, 15.)  Meggs states that he has shopped at the Mall and

22   encountered barriers to access which have interfered with his full and equal enjoyment of the

23   Mall and made it difficult for him to park, gain access, and move around the Mall. (Dkt. #74-1 at

24   1.)  Meggs also states that he has definite plans to return to the Mall in the near future to avail

25   himself of its goods and services. (*Id.*)

26          Meggs alleges that he personally encountered at least 15 barriers to access at the Mall,

27   including in the parking lot, at counters within department stores, and inside restrooms in

28

department stores. (Dkt. #1 at 3-4.)  Boulevard contends that after receiving Meggs' complaint and learning of the alleged barriers to access, it told Meggs' counsel, Mr. Fuller, that it intended to correct all barriers alleged in the complaint.[1] (Dkt. #52-2 at 3.)  Boulevard also represents that it informed Mr. Fuller that it had hired an expert to inspect the Property and submit a report. (*Id*.)  The report, entitled "ADA Site Review Boulevard Mall Las Vegas," identifies 93 "non-compliant issues" throughout the Mall. (Dkt. ##53-65.)  Boulevard further represents that a "Corrective Action Plan" was created to address the problems outlined in the expert's report. (Dkt. #52-2 at 3; Dkt. #67-1.)

During his deposition, Meggs testified that the primary barriers to access he faced at the Mall were in the parking lot. (Dkt. #46-1 at 17-19.)  He further testified that he had not encountered any real issues while inside the Mall. (*Id*. at 19.)  Boulevard states that after reviewing Meggs' deposition, it determined that only one of the barriers to access referenced during the deposition was located on the Property (as opposed to property supposedly owned by other, third-party defendant department stores). (Dkt. #78-1 at 3.)  It states that after learning this, it remedied that one barrier. (*Id*.)

## II.   **LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, discovery responses, and affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).  For summary judgment purposes, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at

---

[1] These representations are made by Boulevard's counsel in an attorney affidavit describing conversations with Mr. Fuller. (Dkt. #52-2.)

323.  To establish a factual dispute, the nonmoving party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  He "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in his favor. *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248-49.  At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

**III.   ANALYSIS**

### A.  Boulevard's Motion for Summary Judgment

#### i.   *Mootness*

In its motion for summary judgment, Boulevard argues that because the only remedy for a violation of Title III of the ADA is injunctive relief, and because Boulevard volunteered to remedy all the barriers to access Meggs identified, the issues alleged in Meggs' complaint are now moot.  Thus, Boulevard argues that an injunction is no longer necessary.  It also argues that it has proactively taken steps to identify other barriers to access present on its property and has created a "Corrective Action Plan" to correct these problems.  Thus, it argues that "[b]ecause the Defendant has gone above and beyond what the law requires, and because the Defendant has now complied with the law by compiling a comprehensive Corrective Action Plan, summary judgment is appropriate." (Dkt. #46 at 11.)  In its reply brief, Boulevard adds an additional argument for mootness, stating that it has remedied the one defect which Meggs specifically referenced in his deposition and which is actually located on the Property.

1    Boulevard cites no case law to support any of its assertions and all of its arguments are

2    without merit.  First, Boulevard does not address the fact that Meggs' state law claim under

3    N.R.S. § 651.070 includes a claim for compensatory damages, not just declaratory and injunctive

4    relief.  Thus, even if an injunction were no longer necessary to remedy the alleged violations,

5    Meggs' damages claim would still survive.  In addition, the Supreme Court has stated:

6          It is well settled that a defendant's voluntary cessation of a challenged practice
           does not deprive a federal court of its power to determine the legality of the
7          practice. . . . In accordance with this principle, the standard we have announced
           for determining whether a case has been mooted by the defendant's voluntary
8          conduct is stringent: A case might become moot if subsequent events made it
           absolutely clear that the allegedly wrongful behavior could not reasonably be
9          expected to recur. . . . The heavy burden of persuading the court that the
           challenged conduct cannot reasonably be expected to start up again lies with the
10         party asserting mootness.

11   *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal

12   quotations and citations omitted).

13   Title III of the ADA provides that "[n]o individual shall be discriminated against on the

14   basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

15   advantages, or accommodations of any place of public accommodation by any person who owns,

16   leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  Thus,

17   for a place of public accommodation to be compliant with Title III, it must not discriminate

18   against an individual based on their disability.  Discrimination includes "a failure to remove

19   architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id*.

20   § 12182(b)(2)(A)(iv).  Readily achievable means "easily accomplishable and able to be carried

21   out without much difficulty or expense." *Id*. § 12181(9).

22   Boulevard's voluntary conduct to remedy alleged violations does not moot a case unless it

23   meets the "heavy burden" of persuading the court that the "allegedly wrongful behavior could not

24   reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 189.  Boulevard's decision to

25   hire an expert to identify ADA violations, and assembling a comprehensive Corrective Action

26   Plan to correct the violations, is not enough.  Boulevard has not cited any evidence showing that

27   any of the violations listed in the complaint, except one, have been remedied.  Compiling a plan

28

1    detailing possible ADA violations does not make a public accommodation complaint with the

2    ADA, not having a violation does.  Because Boulevard has not shown there is no genuine issue of

3    material fact that all of the alleged violations have been remedied and could not reasonably recur,

4    the claims are not moot.

5          Boulevard's reply brief attaches an affidavit from Boulevard's property manager who

6    states that Boulevard has remedied the one barrier that Meggs specifically referenced in his

7    deposition and that, according to it, is actually located on its property.  Thus, Boulevard again

8    argues that the case is moot and summary judgment is warranted.  However, parties may not raise

9    new issues or arguments for the first time in their reply briefs. *See Provenz v. Miller*, 102 F.3d

10   1478, 1483 (9th Cir. 1996) ("Where new evidence is presented in a reply to a motion for

11   summary judgment, the district court should not consider the new evidence without giving the

12   [non-]movant an opportunity to respond.") (internal citation omitted); *see also Northwest*

13   *Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988) ("It is well

14   established in this circuit that the general rule is that appellants cannot raise a new issue for the

15   first time in their reply briefs.") (internal quotations and citations omitted).

16         Even if this argument had been made in Boulevard's original motion, summary judgment

17   would not be appropriate.  Boulevard's property manager states that it installed a ramp near the

18   exterior exit of the Old Navy store and thus the barrier had been remedied. (Dkt. #78-1 at 3.)

19   Boulevard does not state which of the complaint's alleged violations this remedies.  It also does

20   not offer evidence that installing the ramp put Boulevard in full compliance with the ADA or that

21   the alleged barrier could not reasonably be expected to recur.

22         Furthermore, once an ADA plaintiff has standing, he may assert any other barriers

23   affecting his disability that existed at the time he brought his claim, regardless of whether he

24   personally encountered them. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008).

25   Thus, summary judgment is denied on this ground.

26

27

28

1        *ii.     Alleged Rule 11 Violations and Attorney's Fees Disputes*

2              Boulevard's motion for summary judgment contains numerous allegations against Meggs'

3      attorney, Mr. Fuller, and his law firm.  These allegations include claims that Mr. Fuller has

4      violated Rule 11 because he was unaware of the barriers to access that Meggs actually

5      encountered at the Mall when the complaint was filed.  Additionally, Boulevard asserts that Mr.

6      Fuller and his firm have been inflating the gravity of his client's issues and have insisted on an

7      unnecessary site inspection.  According to Boulevard, this was done for the sole purpose of

8      running up legal fees.

9              It is unclear how any of these facts, even if true, are relevant at summary judgment, where

10     the question before me is whether Boulevard has demonstrated the absence of genuine issues of

11     material fact as to Meggs' ADA and state law claims.  If Boulevard believes that Meggs' counsel

12     has violated Rule 11 in some way, then it may file a motion to that effect.  Rule 11 contains strict

13     procedural rules to afford an opposing party the opportunity to withdraw or correct an offending

14     paper. Fed. R. Civ. P. 11(C)(1)(A).  A Rule 11 motion must also be filed "separately from other

15     motions or requests." *Id*.  In addition, if Boulevard believes that Meggs' counsel has been

16     inappropriately inflating fees and costs, it can make that argument if Meggs ultimately prevails on

17     his claims and seeks an award of attorney's fees and costs.  Thus, I deny summary judgment on

18     these grounds.

19       *iii.     Arguments Not Raised in Boulevard's Original Motion*

20             In its reply brief, Boulevard adds arguments related to standing and Rule 8 notice.  As

21     stated above, parties may not raise new issues or arguments for the first time in their reply briefs.

22     *See Provenz*, 102 F.3d at 1483.  Even if I considered these arguments, they are without merit.

23             As regards its standing argument, Boulevard merely references an unrelated case, *Oliver*

24     *v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011), and then states that the facts there are

25     similar to this case.  There is no application of that case's facts or holding to this case, nor is there

26     any legal analysis of why that case is relevant.  Thus, it is unclear what Boulevard is attempting to

27     argue.  If it is attempting to argue that Meggs does not have standing to bring this suit, then that

28

1    argument should have been brought in its original motion so Meggs would have an opportunity to

2    respond.  Regardless, the argument is without merit.

3           The "irreducible constitutional minimum of standing" includes three elements: (1) injury

4    in fact; (2) causation; and (3) redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555,

5    560-61 (1992).  A disabled person suffers an injury in fact when he "encounter[s] a barrier" at a

6    place of public accommodation "that deprives him of full and equal enjoyment of the facility due

7    to his particular disability." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 944 (9th Cir.

8    2011).  "Once a disabled individual has encountered or become aware of alleged ADA violations

9    that deter his patronage of or otherwise interfere with his access to a place of public

10   accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and

11   capable of being redressed by the courts, and so he possesses standing under Article III . . . ."

12   *Doran*, 524 F.3d at 1042 n.5.

13          The complaint alleges that Meggs "personally encountered" at least 15 barriers to access

14   at the Mall, and describes how each one affected his disability. (Dkt. #1 at 3-4.)  While Boulevard

15   perhaps disputes whether Meggs personally experienced all of the 15 alleged barriers, there is no

16   dispute that Meggs experienced at least one alleged barrier to access on the Property, which is all

17   that is required to establish standing.  Thus, summary judgment is inappropriate on that ground.

18          As regards Boulevard's Rule 8 notice argument, it is unclear what Boulevard is seeking.

19   It states that, pursuant to Rule 8, the only non-compliant barriers to access at issue in this case are

20   the ones identified in the complaint.  Meggs does not dispute this or make any arguments to the

21   contrary.  The only claims relevant to this case are the ones alleged in Meggs' complaint.[2]

22          **B.  Meggs' Motion for Summary Judgment**

23          Meggs moves for summary judgment, arguing that there are no genuine issues of material

24   fact as to any element of his ADA and state law claims.  I deny this motion.

25

26

27          [2] Meggs previously moved to amend his complaint in June 2015. (Dkt. #73.)  I denied that motion

28   as untimely. (Dkt. #94.)  Thus, the original complaint is the operative complaint in this case.

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) []he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of h[is] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)).  In addition, "to succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business or property presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (internal quotation and citations omitted).

In support of his contention that there are no issues of fact regarding the ADA and state law violations alleged in the complaint, Meggs simply states, "[b]oth Plaintiff's expert and Defendant's expert found that the facilities were replete with ADA violations and barriers to access.  The experts' reports described those violations in detail and recommend various remedies."  No citation is given to either expert report tying the specific violations alleged in the complaint to any evidence contained in either expert report.  "[J]udges are not like pigs, hunting for truffles buried in briefs." *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (internal citation and quotation omitted).  I will not comb through exhibits to find evidence to support Meggs' claims.  The only violations at issue in this case are the ones specifically alleged in the complaint.  For Meggs to show that there is no genuine issues of material fact as to a violation listed in the complaint, he must cite specific evidence proving the violation occurred.  General reference to an expert report is not enough.[3]  Meggs has not met his burden and therefore summary judgment is denied.

---

[3] Boulevard's property manager states in his affidavit that Boulevard fixed one of the alleged barriers to access that Meggs encountered. (Dkt. 78-1 at 3.)  However, the affidavit does not concede that the barrier was violation of the ADA, only that Boulevard remedied a problem that Meggs had encountered.  Furthermore, Boulevard stated in its briefs that it is not admitting that any of the issues alleged in the complaint were actual violations of the ADA.  Thus, summary judgment as to this alleged barrier is inappropriate because issues of fact remain.

1

**IV.**   **CONCLUSION**

2

IT IS THEREFORE ORDERED that Boulevard's motion for summary judgment **(Dkt.**

3

**#46)** and Meggs' motion for summary judgment **(Dkt. #74) are both DENIED**.

4

DATED this 30th day March, 2016.

5

6

_____

7

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28